PER CURIAM.
 

 The case underlying this appeal is the result of the acrimony between feuding neighbors in the Tierra Verde development originally known as Bridgewater Townhomes, neighbors who, not so long ago, were able to reside together peacefully. Essentially, the battle lines are drawn between the townhome owners on the waterfront — the appellants — and the nonwaterfront townhome owners — the ap-pellees — who live behind them. The waterfront owners filed a multicount complaint in which they sought in Count IV declaratory relief specifically against non-waterfront homeowners Floyd and Linda Hutchinson. The Hutchinsons counterclaimed for similar relief: a declaration of the Hutchinsons’ claim of right or title to a boat slip or dock that the Hutchinsons built in front of the waterfront properties and that they maintained for six years without complaint from any waterfront owner. The six years of peaceful coexistence ended when an altercation occurred between one waterfront family and the Hutchinsons. This led to the installation of locked gates that deprived the Hutchin-sons of access over the waterfront properties necessary to reach their boat slip or dock. The sole issue we review is the declaratory judgment on ownership of and access to the Hutchinsons’ boat slip.
 

 This is an equitable action in which the parties presented the trial court with a chaotic and complex legal and factual history of this community. Commendably, the trial court sought to make order out of this chaos by awarding the Hutchinsons relief and granting them access to their boat slip.
 
 [1]
 
 The final declaratory judgment provides:
 

 ORDERED AND ADJUDGED that the Hutchinsons have an ownership interest in their constructed dock/boat slip. It is further
 

 ORDERED AND ADJUDGED that the Hutchinsons have a right to access their dock/boat slip through the common sidewalks and walkways of the town-home community, which are currently gated and locked. The Court mandates that the Hutchinsons be allowed access to the common elements including the dock area. This Court orders that within ten (10) days of the signing of this Order the [waterfront owners] provide Defendants, Hutchinsons, with a key to unlock the gate(s) to the dock area.
 

 Because there was substantial, competent evidence to support the trial court’s findings, we affirm the final declaratory judgment but remand to the trial court for clarification of the type of “ownership interest” it granted to the Hutchinsons, be it an easement by necessity, a license, or other right.
 

 Affirmed but remanded for clarification.
 

 CASANUEVA, C.J., and DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . The court retained jurisdiction to determine damages and other issues as stipulated by the parties, such as access to the pool that is located between the waterfront homes and the dock/boat slip area. For many years, all owners used and paid fees to maintain that pool, but currently, the locked gates also deny the nonwaterfront owners access to it, too.